ARGES V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-460-CR

ANGEL ARGES APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 3 OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Angel Arges appeals from her conviction for criminal trespass.  Arges pled not guilty, but a jury found her guilty and assessed her punishment at zero days’ confinement.  The jury also did not assess a fine.  In two issues on appeal, Appellant complains that the trial court erred in denying her motion to quash, and that the evidence is legally insufficient to support her conviction.  We affirm.

Appellant and her friend became involved in a noisy altercation with an Albertson’s grocery store employee.  When the store manager repeatedly asked Appellant to leave, she refused to do so.  Appellant was arrested and was charged by information and complaint with criminal trespass.

On October 31, 2002, the day of trial, Appellant’s counsel filed a motion to quash the information alleging that the information did not charge an offense.  The trial court denied the motion to quash on the ground that, because Appellant had entered her plea of not guilty on September 25, 2002, any complaint regarding the information was untimely.  

In her first issue, Appellant contends that the trial court erred in ruling that Appellant’s complaint was untimely because she had already entered her plea.  Regardless of the trial court’s reason for denying Appellant’s motion, if the trial court’s ruling was correct on any theory of law, the appellate court will uphold that ruling.  
See Romero v. State,
 800 S.W.2d 539, 543 (Tex. Crim. App. 1990).  

A defendant may complain at any time that an information or indictment failed to charge a person or allege any offense.  
See Cook v. State,
 902 S.W.2d 471, 477 (Tex. Crim. App. 1995).  The elements of criminal trespass are that:  (1) a person; (2) without effective consent; (3) enters or remains on the property or in a building of another; (4) knowingly, intentionally, or recklessly; (5) when he had notice that entry was forbidden or received notice to depart and failed to do so.  
See
 
Tex. Penal Code Ann.
 § 30.05 (Vernon 2003); 
Bader v. State,
 15 S.W.3d 599, 606 (Tex. App.—Austin 2000, pet. ref’d).  Here, Appellant argues that no offense was alleged because the information read, in part, that Appellant “remain[ed] 
in a property
 of another . . . without the effective consent” of another, instead of alleging that she remained “
on property
 . . . of another . . . or . . . 
in a building
 of another” without his effective consent.  
See
 
Tex. Penal Code Ann.
 § 30.05(a) (emphasis added).
  An information may still charge an offense, even if it does not track the language of the charging statute.  
See Studer v. State, 
799 S.W.2d 263, 268 (Tex. Crim. App. 1990) (holding that indictment was constitutionally valid despite omission of an element of the offense).  We hold that the information charged an offense, and we overrule Appellant’s first issue.

In her second issue, Appellant contends that the evidence is legally insufficient to support her conviction for criminal trespass.  In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia, 
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001).  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson, 
443 U.S. at 319, 99 S. Ct. at 2789.  When performing a legal sufficiency review, we may not sit as a thirteenth juror, re-evaluating the weight and credibility of the evidence and, thus, substituting our judgment for that of the fact finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).

In determining the legal sufficiency of the evidence to show an appellant's intent, and faced with a record that supports conflicting inferences, we “must presume — even if it does not affirmatively appear in the record — that the trier of fact resolved any such conflict in favor of the prosecution, and must defer to that resolution.”  
Matson v. State, 
819 S.W.2d 839, 846 (Tex. Crim. App. 1991).  
The standard of review is the same for direct and circumstantial evidence cases.  
Burden
, 55 S.W.3d at 613; 
Kutzner v. State
, 994 S.W.2d 180, 184 (Tex. Crim. App. 1999).

After reviewing the record, we hold that a rational trier of fact could have found the essential elements of criminal trespass beyond a reasonable doubt.  
See Jackson,
 443 U.S. at 319, 99 S. Ct. at 2789; 
Burden, 
55 S.W.3d at 612. The evidence, therefore, is legally sufficient to support Appellant’s conviction, and we overrule her second issue.

Having overruled both of Appellant’s issues, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: HOLMAN, DAUPHINOT, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  August 14, 2003 

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.